UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**F & A APLC, ET AL**                                                               **CIVIL ACTION**

**VERSUS**

**CORE FUNDING GROUP, L.P.**                                           **NO. 07-543-D-M2**

## RULING & ORDER

This matter is before the Court on the Motion to Compel Discovery and Production of Documents (R. Doc. 55) filed by plaintiffs, F & A APLC, et al ("plaintiffs" or "F&A"). Defendant, Core Funding Group, LP ("defendant" or "Core"), has filed an opposition (R. Doc. 64) to this motion.

## FACTS & PROCEDURAL BACKGROUND

In this suit, plaintiffs contend that they entered into bilateral contractual agreements with the defendant several years ago, which included promises by the defendant to provide large amounts of legal work to be performed by the plaintiffs on behalf of the defendant. Plaintiffs allege that defendant then breached those contracts when it failed to pay or give credit to the plaintiffs for the work they performed on defendant's behalf, and defendant further failed to provide other legal work as expressly promised, on which plaintiffs relied to their detriment, rendering defendant liable to the plaintiffs for breach of contract and/or quasi-contract, unjust enrichment, promissory estoppel, or detrimental reliance. Plaintiffs also contend that defendant failed in its promise to pay commissions to the plaintiffs in the amount of 15% of the profits on any business referred to defendant by the plaintiffs. Plaintiffs further allege that the defendant is liable to the plaintiffs for having violated the

1

Unfair and Deceptive Trade Practices Act and/or the Fair Credit Reporting Act for use of intimidation in their collection activities.

While the plaintiffs do not dispute that they borrowed various sums of money from the defendant several years ago, the plaintiffs contend that the amounts claimed by the defendant in its counterclaim are inaccurate due to defendant's own breaches and the defendant's failure to credit legal work and commissions under the contractual agreements existing between the parties. Plaintiffs allege numerous other affirmative defenses to payment in detail in their answer to defendant's counterclaim.

On July 1, 2008, plaintiffs propounded interrogatories and requests for production of documents upon defendant. Over eight (8) months elapsed before defendant provided any responses, on February 9, 2009. Plaintiffs contend that defendant's responses to Interrogatory No. 3 and Requests for Production Nos. 4, 5, 6, 7, and 9 are deficient. Plaintiffs indicate that they have specifically raised the deficiencies in the listed discovery responses in a letter dated May 5, 2009 and in a subsequent telephone conference with defense counsel, but they have received no additional responses or documents from the defendant. Through the present motion, plaintiffs seek to have the Court compel defendant to provide complete, supplemental responses to those requests within ten (10) days and prior to any depositions being taken in this matter.

## **LAW & ANALYSIS**

**I.      Interrogatory No. 3 and Request for Production No. 9:**

In Interrogatory No. 3, plaintiffs request that defendant "provide the title, docket number and court of jurisdiction, for any and all lawsuits, except for personal injury or

workmen's compensation lawsuits, filed against Core Funding Group or any of its subsidiaries or related companies, within the last ten (10) years, and the status of each suit." Request for Production No. 9 seeks "a copy of any and all petitions and/or lawsuits and/or class action suits, except for personal injury and workmen's compensation lawsuits, filed against Core Funding Group, LP and/or Barcosh, Ltd. and/or their officers, directors, employees or agents in any state or federal court in the U.S., including, but not limited to Texas and Ohio."  Defendant objected to both requests as being "extremely overburdensome," in that they seek information regarding any litigation filed against Core Funding and its subsidiaries or related companies throughout the U.S., despite the fact that this litigation will be based solely upon the relationship and contracts between Core and F&A. Defendant contends that the other suits referenced in these discovery requests are "entirely irrelevant" and that the scope of the request, ten (10) years, is "far too broad."

The Court agrees with defendant that plaintiffs' requests are overbroad. Although plaintiffs have narrowed their requests somewhat in their present motion to seek information concerning only "contract-based litigation" and "non-tort litigation," the Court nevertheless finds that such requests should be further limited to: (1) contract-based litigation that is similar to the present lawsuit (*i.e.*, regarding the referral of legal work and commissions therefor, concerning a failure by defendant to pay commissions allegedly promised under contract, and/or regarding allegations of unfair trade practices or intimidation in collection activities in violation of the Fair Credit Reporting Act); (2) against Core, the actual defendant in this suit; and (3) for the past five (5) years.[1] Documents

---

[1] Evidence of other lawsuits is typically only relevant if those lawsuits involve similar claims and can be used to establish a pattern or a habit or routine practice. For

responsive to that modified request shall be produced by Core within ten (10) days of this Ruling.

**II.     Request for Production No. 4:**

In Request for Production No. 4, plaintiffs seek "a copy of the Articles of Incorporation, Operating Agreement and Initial Corporate Resolutions of Core Funding

---

examples, *See, McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990)(In law firm's action against former client for collection of legal fees, the law firm's request for materials related to prior lawsuits against attorneys sought evidence related to habit or routine practice, which was relevant to prove that conduct on particular occasion was in conformity with habit or routine practice); *Paul v. Stewart Enterprises, Inc.*, 2000 WL 1171120 (E.D.La. 2000)(precluding discovery of prior lawsuits involving claims of sexual discrimination and harassment since the plaintiff failed to demonstrate how such claim could possibly be relevant to their claims of race discrimination and noting that evidence concerning other employees is only relevant if the other employees are "similarly situated" to plaintiffs); *Orleman v. Jumpking, Inc.*, 2000 WL 1114849 (D.Kan. 2000)(Prior lawsuits involving the same make and model of trampoline as the one at issue in the lawsuit were discoverable); *Johnson v. City of Philadelphia*, 1994 WL 612785 (E.D.Pa. 1994)(Information concerning prior lawsuits involving the defendant officers alleging claims similar to those in the present case were discoverable); *Orangeburg Pecan Co., Inc. v. Farmers Inv. Co.*, 869 F.Supp. 351 (D.S.C. 1994)(Plaintiff's counsel permitted to obtain information relevant to prior lawsuits against the defendant that might have a bearing on its Unfair Trade Practices Act ("UTPA") claims; specifically, the plaintiff was permitted to discover if the defendant's alleged conduct of intentionally shipping nonconforming goods to customers in an attempt to coerce the customers to accept nonconforming goods was capable of repetition within the meaning of the UTPA); *Mabel v. Equitable Life Assur. Soc. of U.S.*, 1992 WL 345109 (E.D.Pa. 1992)(allowing plaintiff access to all disability claims handled by one of the defendant's employees during the calendar years 1990-1992 because they were relevant to the plaintiff's claim that the defendant breached the terms of his insurance policy as the result of a corporate pattern, practice and/or policy to deny or dilute the disability claims of policyholders similarly situated to the plaintiff); *Brandon v. Heard*, 140 F.R.D. 328, 330 (M.D.Pa. 1991)(grievance complaints that may reveal the existence of a habit are discoverable); *Nagel v. First of Michigan Corp.*, 7 84 F.Supp. 429 (W.D.Mich. 1991)(Pension plan that sued bank that handled plan's investments was entitled to discover information regarding prior lawsuits against bank, despite bank's objection that request was unreasonably cumulative, unduly burdensome and prejudicial since the information sought was relevant and necessary for the plan to sustain its burden under RICO of demonstrating an approved scheme to defraud involving a number of transactions).

Group, L.P." Core responded that all responsive documents in its possession were being provided. In the present motion, however, plaintiffs contend that, despite Core's representation in its response to Request for Production No. 4, no documents responsive to that request were actually produced.

In its opposition to the present motion, Core explains that it does not currently have in its possession a copy of its Articles of Incorporation, its Operating Agreement, or its Initial Corporate Resolutions. Core is technically required to produce more than simply those responsive documents in its actual possession. The Federal Rules of Civil Procedure require that a responding party produce responsive documents that are within their "possession, custody or control," and federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a responding party if that party either has "actual possession, custody or control" of the documents or if that party "has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463, *10 (E.D.La. 2004). Nevertheless, Core has expressly indicated in its opposition that the documents responsive to Request for Production No. 4 are a matter of public record. Accordingly, since plaintiffs can obtain those documents through the public record as easily as Core could obtain and produce them, Core is not required to provide any further response to Request for Production No. 4.

5

**III.     Request for Production No. 5:**

In this request, plaintiffs seek a "copy of the Articles of Incorporation, Operating Agreement and Initial Corporate Resolutions of Barcosh, Ltd." Core objected to that request on the ground that it seeks organizational documents about an entity that is not a party to this litigation and which is not represented by Core. Additionally, Core notes in its present opposition that it is not in possession of any of the documents responsive to Request for Production No. 5 and that such documents are a matter of public record. Again, because the documents responsive to this request could be as easily obtained by the plaintiffs via the public record as by Core, Core is not required to provide any further response to Request for Production No. 5.

**IV.     Request for Production Nos. 6 and 7:**

In Request No. 6, plaintiffs seek "a copy of all documents, including but no[t] limited to all correspondence, e-mails, facsimiles, memoranda, handwritten or typewritten notes, contracts, agreements, transfer documents, and drafts of any of the same, related to the transfer and assignment of Core Funding notes or accounts concerning the plaintiffs *to Barcosh, Ltd.*" [Emphasis added]. Similarly, Request No. 7 seeks "a copy of all documents, including but not limited to all correspondence, emails, facsimiles, memoranda, handwritten or typewritten notes, contracts, agreements, transfer documents, and drafts of any of the same, related to the alleged transfer and assignment of the notes or accounts concerning the plaintiffs *from Barcosh, Ltd.* to Core Funding Group, LP." [Emphasis added].

Core responded to both of the above requests by stating that all responsive documents that were in its possession were being provided. Core further explains in its

opposition to this motion that the only documents that are responsive to Request No. 6 are the transfer and assignment documents that are attached to F & A's memorandum in opposition to Core's motion for summary judgment in this matter; thus, those documents are in plaintiffs' possession. Core also notes that the only document responsive to Request No. 7 is the transfer and assignment document that is attached to its Amended Answer and Counterclaim as "Exhibit 1." *See*, R. Doc. 18-5. Thus, plaintiffs also currently have access to that document. Core contends that it explained to plaintiffs' counsel, prior to the filing of the present motion to compel, that those transfer and assignment documents are the only documents responsive to Request Nos. 6 and 7.

In its present motion, however, plaintiffs contend that the transfer and assignment documents referenced by Core are not the only responsive documents in Core's possession. Plaintiffs assert that Core should be required to produce other documents in its possession, custody or control, such as canceled checks, correspondence, side agreements or other documents that would "tend . . . to show what [the] real price if any was paid for the assignments." Plaintiffs contend that the "real price of the transfers" is a crucial issue to both the pending Motion for Partial Summary Judgment filed by Core and the pending Motion to Redeem filed by the plaintiffs. Considering the alleged crucial significance of the requested documents, the Court finds it necessary to obtain a supplemental, verified response from Core indicating that it does not have any additional documents responsive to Request Nos. 6 and 7 within its possession, custody, or control, which would include any documents which it has a legal right to obtain and/or which are available to it from third parties upon demand. If that is indeed the case, Core shall provide verified, supplemental responses to Request Nos. 6 and 7 within ten (10) days of this

Ruling: (1) stating that, after diligent search, there are no further responsive documents in its possession, custody or control, other than those previously produced; and (2) describing its efforts to locate documents responsive to those requests. Of course, if that is not the case, Core shall produce any additional responsive documents to plaintiffs within ten (10) days of this Ruling.

Accordingly;

**IT IS HEREBY ORDERED** that the Motion to Compel Discovery and Production of Documents (R. Doc. 55) filed by plaintiffs, F & A APLC, et al, is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth in the above Ruling.

**IT IS FURTHER ORDERED** that defendant, Core Funding Group, L.P., shall produce supplemental responses as required by this Ruling & Order within ten (10) days of the date of this Order and prior to any depositions being taken in this matter.

Signed in chambers in Baton Rouge, Louisiana, July 23, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**