UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT W. FENET AND F & A PLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **CORE FUNDING GROUP, LP** | **NO. 07-543-FJP-CN** |

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 19, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT W. FENET AND F & A PLC

VERSUS

CORE FUNDING GROUP, LP

CIVIL ACTION

NO. 07-543-FJP-CN

**REPORT AND RECOMMENDATION**

    This action was removed to this Court on August 2, 2007. Defendant Core Funding Group, LP, represented by counsel, (hereinafter referred to as "Core") answered the Complaint on September 4, 2007. (Dkt. #6). Core then filed an amended answer and counterclaim against plaintiff on November 27, 2007. (Dkt. #20.) After resetting a scheduling conference to January 30, 2008, Core's counsel filed motions to withdraw (Dkt. #23 and #25). The motions were granted in December 2007. The conference was held January 30, 2008, however no counsel appeared on behalf of Core. The Court, therefore reset the conference for March 6, 2008 and ordered that a representative from Core attend the conference. (Dkt. #32.) On the day of the conference, new counsel enrolled on behalf of Core and attended the conference. The case proceeded through discovery including filing discovery motions and extensions, and dispositive motions before the District Judge. On October 6, 2009, in his ruling on the dispositive motions, the District Judge ordered that the parties submit a proposed scheduling order to the Magistrate Judge. (Dkt. #75.) The parties complied and a new scheduling order was entered.

    On December 3, 2009, Core's new counsel filed a motion to withdraw. The Court granted the motion on December 8, 2009, and set a status conference for Friday, January 15,

1

2010. The Court specifically ordered defendants to notify their new counsel of this conference as soon as possible.

The conference was held January 15, 2010, and defendant's counsel failed to appear.[1] On that same day, the Court ordered Core Funding Group's counsel or representative to show cause by written response no later than January 29, 2010, why appropriate sanctions should not be imposed for failure to appear for the status conference. (Dkt. #84.) A review of the docket sheet indicates that the above order was mailed to Core Funding Group, LP at 40 Lake Bellevue Drive, #100, Bellevue, WA 98005, and that no returns were ever received by the Clerk. Defendant Core failed to show cause. Therefore, the Court issued another show cause order on February 23, 2010, ordering defendant Core Funding Group's new counsel to show cause in writing no later than March 15, 2010, why appropriate sanctions should not be imposed for failure to comply with the Court's order. To date, no response has been received nor filed into the record.

In accordance with Rule 16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure,[2] the Court can impose sanctions for failure to comply with the Orders of the Court and for failure to appear for a pretrial conference. In this case, Defendant Core failed to comply with

---

[1] It is unclear after a review of the docket sheet if Defendant Core, as a pro se defendant received notice of the order setting the conference.

[2] Rule 16(f) Sanctions. *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
   (A) fails to appear at a scheduling or other pretrial conference;
                      * * *
   (C) fails to obey a scheduling or other pretrial order.

two (2) Orders of this Court, i.e., the Order of January 15, 2010, and the Order of February 23, 2010.  As stated in footnote 1, it is unclear whether defendant received a copy of the December 8, 2009 Order, setting a status conference.  Under Rule 37(b)(2)(ii),[3] sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

### **RECOMMENDATION**

It is recommended that defendant, Core Funding Group, be sanctioned for failure to obey the Orders of the Court, in accordance with Rule 16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure, by prohibiting it from supporting or opposing any defenses, or from introducing any evidence on its behalf.

Signed in chambers in Baton Rouge, Louisiana, March 19, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Rule 37(b)(2) .... "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;..."